# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50068 | **DATE** | 8/29/2011 |
| **CASE TITLE** | Burton vs. Noble, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motions for summary judgment [40] [45] are granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Scott Burton, filed an amended complaint under 42 U.S.C. § 1983 against defendants, Boone County Sheriff Duane Wirth and Winnebago County Sheriff Richard Meyers,[1] complaining about the medical treatment he received for a skin condition while he was a pre-trial detainee in the Boone County Jail and the Winnebago County Jail. Currently before the court are motions for summary judgment filed by defendants. For the reasons that follow, the court grants both motions.

    Plaintiff was initially appointed counsel to represent him in this matter, but counsel subsequently moved to withdraw, asserting that he "cannot with justification sign the particular Complaint and allegations put forth by the Plaintiff." The court agrees with counsel's assessment of the case. While there is no refuting that plaintiff suffered from a skin rash, later diagnosed as scabies or possibly contact dermatitis, while housed at the Boone County and Winnebago County Jails, there is simply no basis to hold defendants liable in this case.[2] Plaintiff does not specify whether he is suing these defendants in their individual or official capacities, but his claim fails under either option. To the extent he is suing defendants in their individual capacities, there is no evidence that these Sheriffs were personally involved in the medical treatment that was given to plaintiff. See Payne for Hicks v. Churchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (stating the long-settled rule that "[s]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation" (quotation marks omitted)). Thus, there is no basis to impose individual liability.

    A suit against the Sheriffs in their official capacities would not fare any better. "In order to prevail on an official capacity suit against the sheriff, the plaintiffs must show that an official policy or custom caused the injury." Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir. 2002). To do so, plaintiff "must point to either an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy, or that the sheriff had the final policymaking authority for the decisions regarding the medical treatment [plaintiff] received." Id. Even if plaintiff could establish a constitutional violation with respect to his medical treatment, which would be difficult since plaintiff admits that medical personnel at the two jails attempted to treat his skin condition, there is no evidence that the alleged injury was caused by a policy, practice, or custom of denying medical care to inmates.[3]

| STATEMENT |
|---|
| Because plaintiff cannot establish that defendants were personally involved in his medical treatment or that the alleged misdiagnosis of his condition and inadequate treatment was the result of an official policy or custom, plaintiff cannot prevail on his § 1983 claim. Accordingly, defendants' motions for summary judgment are granted. |

1. Plaintiff improperly listed this defendant as "Dick Meyer" in his amended complaint.

2. It also appears that, pursuant to Federal Rule of Civil Procedure 20(a)(2), defendants are not properly joined in this action.

3. The closest plaintiff comes to showing a pattern or practice of deliberate indifference to medical needs is in his response to defendant Meyers' Local Rule 56.1 statement of material facts. Specifically, in response to paragraph 29, plaintiff asserts that he had "heard of more cases of Mercer breaking out throughout the jail because of the way that it was getting cleaned." Even if this was true and Meyers was aware of this shortcoming, one isolated incident is not enough to establish a pattern or practice of deliberate indifference. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).